## KUSHLAN v P & O COACH LINES

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10701. Decided Nov. 10, 1930

Locher, Green and Woods, Cleveland, for Kushlan.

Dustin, McKeehan, Merrick, Arter and Stewart and Geo. M. Cottrell, all of Cleveland, for P & O Coach Lines.

### LEVINE, J.

We are referred to the case of **B & O Railroad Company vs. Lockwood, 72 Oh St 586,** wherein the Supreme Court laid down the rule that

"It is the duty of the court to separately and definitely state to the jury the issue of fact made in the pleadings."

There is no question but that the court did submit to the jury two specifications of negligence, namely, (1), driving at a high

and dangerous rate of speed, to-wit, 35 miles an hour; (2), failing to sound a horn or give any warning. The court did not submit to the jury specification No. 2, which is, "failing to stop the progress, abate the speed or change the course of his truck; (3), failing to keep the bus under control; (5) failing to keep a look-out."

Plaintiff asserts that the record contains evidence tending to support the three specifications of negligence contained in the pleadings which were not separately and definitely submitted to the jury. It is claimed that although the view was clear, the defendant's servant did not observe the plaintiff's decedent on the highway.

We are referred to the testimony of the bus driver, found on page 204 of the record, as follows:

"Q. And you also testified here today that the first time you saw the Ford was when it was about eight feet away from you?

A. Yes, sir.

Q. You didn't see it at any time before that particular moment?

A. No."

It is urged by plaintiff that the court's charge was prejudicial in that the court omitted to point out all of the issues; that two issues of negligence only were submitted when there were, in fact, five.

We are of the opinion that the charge of the court dealing with the specifications of negligence, though imperfect, would not of itself justify a reversal of this case.

It may be stated in defense of the court's action that specification No. 2 which is, "failing to stop the progress, abate the speed or change the course of its truck" is embraced in the specification of negligence which is, "driving at a high and dangerous rate of speed, to-wit, 35 miles per hour" which specification the court did submit to the jury. Likewise, the charge of "failing to keep the bus under control" may be said to be embraced in this last issue submitted by the court.

The specification of "failing to keep a look-out" which the court failed to submit to the jury, seems definite enough to raise an issue of fact, but, in our opinion, the evidence is rather meager by way of tending to support it.

The reference to the testimony of the bus driver cited above, does not necessarily tend to support the allegation that the bus driver failed to keep a lookout. The theory of the defense was that, while the motor bus was heading east, without warning

and very suddenly the Ford, which the decedent was operating, came into its path by swerving from the north side of St. Clair Avenue and heading south in order to make a left hand turn into East 33rd Street.

This sudden action on the part of the decedent, the driver of the Ford, could reasonably account for the failure of the bus driver to see the Ford until it was about eight feet away from him.

A more serious assignment of error urged by plaintiff is that the court committed error in its charge to the jury, dealing with the contributory negligence of the decedent. The court said to the jury:

"The defendant claims that' the plaintiff's decedent was guilty of negligence contributing to his own injury. Contributory negligence may be defined as being an act or omission on the part of the plaintiff amounting to a want of ordinary care, which, combining and co-operating with the negligence of the defendant, becomes the proximate cause of the injury complained of. The burden of establishing contributory negligence is a defense and would rest upon the defendant unless the proof adduced in behalf of the plaintiff is of such a character as to raise a presumption of negligence on his part, in which case the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence."

We are referred to the second syllabus in the case of **Tresise vs. Ashdown, 118 Oh St. 308,** where it was held that a similar charge of the trial court relating to the contributory negligence was erroneous. Syllabus two holds that:

"An instruction in such case that if the proof adduced in behalf of the plaintiff is of such character as to raise a presumption of negligence upon his part the burden rests upon the plaintiff to remove such presumption by a preponderance of the evidence places an unwarranted burden upon the plaintiff and constitutes prejudicial error. He is only required to produce evidence sufficient to counterbalance the evidence giving rise to the presumption; it need not overbalance or outweigh it."

Viewing the charge of the court above quoted in the light of this holding by the Supreme Court, it is quite apparent that the trial court's instruction is in sharp conflict therewith.

Counsel for defendant seems to concede

that this charge of the trial court on the subject of contributory negligence was erroneous. It is claimed, however, by counsel for the defendant that there were but two main issues in the case. (1), Was the defendant guilty of any negligence? (2) Was plaintiff's decedent guilty of contributory negligence? The jury returned a general verdict for the defendant.

No interrogatories were submitted with a view of determining upon which of the issues the jury based its verdict.

The case of **Jones vs. Erie Railroad Company, 106 Oh St 408**, holds that where two issues are submitted to the jury and a general verdict returned by the jury, a judgment will not be reversed for error in the charge of the court relating to one of the issues if the court charged correctly on the other issue, when no special interrogatories were submitted to the jury in order that it might be definitely ascertained upon which of the issues the jury rested its verdict.

It is urged that in the case at bar, counsel not having taken that precaution, and the court having no means of determining what was in the minds of the jury, the presumption obtains that by reason of the rendition of the general verdict all issues were resolved in defendant's favor; that since upon examination it is found that no reversible error intervened in the charge of the court upon the question of the defendant's negligence, the verdict should not be reversed even though it be found that the court erred on the other issue in the case, namely, the issue of contributory negligence on the part of plaintiff's decedent.

While we have faithfully followed the rule laid down in **Jones vs. Erie Railroad Company**, because it is our duty to follow decisions of our Supreme Court, we have not as yet been able to see the soundness of the reasoning supporting the so-called "two-issue rule." If there be any merit in the requirement that the trial judge charge the jury upon the issues presented in every case, it is for the purpose of clarifying in the minds of the jury the important questions which they are called upon to answer and the principles of law which they must follows in answering the same. It always seems to us that when serious error intervenes in the charge of the court on any one issue which might become vital to the case, a substantial right is thereby taken away from one of the parties, because it makes it possible for the jury to adopt the erroneous statement of the law given by the court and render its verdict in accordance with such erroneous statement.

In our opinion the more salutary rule would be that when the trial court gives an erroneous charge on a material issue it thereby makes it possible for the jury to adopt such misstatement of the law given by the court and to render its verdict accordingly. It seems to us that in such event a substantial right is taken from the party aggrieved, as he is entitled to have all the issues clarified by the court, and to have a correct statement of the principles of the law applicable to all issues.

In the light of our clear duty we have nevertheless adhered to the "two-issue rule" as laid down by our Supreme Court. We are, however, disinclined to extend the operation of the "two-issue rule" in view of the law laid down by the Supreme Court in **Tresise vs. Ashdown**, supra, which seems to indicate a departure from, or at least a modification of, the "two-issue rule."

Despie our failure to see the soundness of the reasoning supporting the "two-issue rule" we have adhered to it in the line of our duty. We feel, however, disinclined to extend the operation of the "two-issue rule" in view of the law laid down in **Tresise vs. Ashdown**, supra.

The failure of the trial court to submit three specifications of negligence alleged in the pleadings and which became issues in the case, while not constituting by itself a ground for reversal, yet, when taken in connection with the admitted serious error committed by the trial court in his charge on the subject of contributory negligence of the plaintiff, seems to us to present a charge so faulty and so erroneous as to substantially affect the rights of the plaintiff.

For the reasons above stated the judgment of the Common Pleas Court will be reversed and the case remanded for a new trial.

Vickery, PJ, and Cline, J, concur.