**AMERICAN NATIONAL FIRE INSURANCE COMPANY, Plaintiff-Appellant, v WESTERN OHIO PUBLIC SERVICE COMPANY, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 497. Decided March 14th, 1947.

458

Miller & Finney, Xenia, for plaintiff-appellant.
Morris D. Rice, Osborn, Smith, McCallister & Gibney, Xenia, T. A. Billingsley, Greenville, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Court of Common Pleas of Greene County, Ohio.

The facts disclose that Albert Krumm, Inc., was engaged in the construcion of housing properties in the village of Osborn, Ohio, on January 28, 1944. The plaintiff-appellant was engaged in the insurance business and had a policy for certain risks on the building under consideration belonging to Albert Krumm, Inc. At said time the Western Ohio Public Service Company, the defendant-appellee herein, was engaged in the business of retailing natural gas to its customers in the village of Osborn, Ohio, and said Albert Krumm, Inc., was one of its customers. Albert Krumm, Inc., was the owner of a double

brick residence building located on Lot No. 90 on Wallace Drive in Osborn, Ohio, and it also owned a similar building located on Lot No. 91. The building on Lot No. 90 was under construction and the one located on Lot No. 91 was just being completed. These buildings were on adjoining lots. Gas mains had been laid by the defendant in the street along and in front of both Lots Nos. 90 and 91 and curb boxes, together with proper shut-off valves had been installed by the defendant in front of said Lots Nos. 90 and 91.

On January 29, 1944, an explosion occurred in the building located on Lot No. 90 and said building was partially destroyed by gas explosion and resultant fire. The American National Fire Insurance Company, the plaintiff herein, paid for the damages to Albert Krumm, Inc., and was subrogated to all its rights.

The action is brought by The National Fire Insurance Company for the loss which it has paid. The petition alleges that the building was destroyed by explosion and fire as a result of the negligence of the defendant in several respects. The answer is in substance a general denial and an allegation of contributory negligence.

The issues raised by the pleadings may be epitomized as follows:

(1) Did the defendant cause the gas to be turned on at the street valve and allow the gas to flow into the damaged building?

(2) If it did so, was it negligent in so doing in any of the particulars alleged in the petition?

(3) Was the plaintiff's assignor guilty of any negligence that contributed as a proximate cause of the injuries complained of?

The errors assigned are:

(1) The Court erred in allowing the cross-examination of plaintiff's witnesses as to incompetent and immaterial matters not properly an issue in the case.

(a) As to rules of the gas company;

(b) As to so-called rules of the National Board of Fire Underwriters;

(c) As to alleged customs of the gas company.

(2) The Court erred in its general charge to the jury.

(a) In its charge on the subject of contributory negligence.

(3) The Court erred in charging the jury that if plaintiff's evidence raised an inference of negligence it was incumbent upon plaintiff to produce evidence sufficient to equal or

460

counterbalance such inference.

(4) Other errors apparent on the face of the record.

Since the verdict for the defendant was general it must follow that the jury found for the defendant on all of the issues joined in the cause. **Sites v Haverstick, 23 Oh St 626.** All of the errors assigned relate to alleged errors in attempting to establish contributory negligence on the part of the plaintiff's assignor, Albert Krumm, Inc. Conceding for the purposes of argument that the appellant is correct and that the assignments of error are well taken, this could not be prejudicial error for the finding on the other issues is sufficient to sustain the verdict. In Sites v Haverstick, supra, the Court said, syllabus 2:

"In such case, if the issues are such that a finding of either of them in favor of the successful party entitles him to the judgment rendered, the judgment will not be reversed for error in the instructions of the court relating exclusively to the other."

The general rule is also clearly set forth in 2 **O. Jur.,** "Appeal and Error", **Section 675, pg. 777,** as follows:

"The rule is well settled in Ohio that where the jury returns a general verdict in a case involving two or more issues, a finding upon any one of which in favor of the successful party would entitle him to judgment if the record does not disclose affirmatively by answers to interrogatories or otherwise, upon which issue such verdict was based, the judgment will not be reversed if no error appears as to any one or more of them although there may be error as to other issues. In this connection it may be said that the courts construe a 'finding of the issues joined in the cause' in favor of one of the parties as a finding in his favor of all the issues."

The basis of the general rule is the presumption in favor of the validity of the judgment and the duty of the party seeking to overthrow it to show affirmatively that error has occurred to his prejudice. If it may seem that injustice may result from its enforcement under some circumstances, it is to be remembered that the remedy is always in the hands of counsel, since he may in such case, if he deems it advisable, request a special verdict upon any or all of the issues presented in the case, or may submit interrogatories to be answered if the jury

returns a general verdict by which the basis of such a verdict will be disclosed.

We are, therefore, of the opinion that since the specific errors assigned relate to only one of the issues in the case they become immaterial, and the finding on the other issues for the defendant is sufficient to sustain the general verdict. We find no errors apparent on the face of the record, as alleged in the 4th assignment, and the judgment is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

### APPLICATION FOR REHEARING.

Decided April 3, 1947.

### OPINION

By THE COURT:

Submitted on application for rehearing by the plaintiff-appellant. We have carefully examined the appellant's brief and are still of the opinion that the pleadings and the evidence raise the following issues:

(1) Did the defendant cause the gas to be turned on at the street valve and allow the gas to flow into the damaged building?

(2) If it did so, was it negligent in so doing in any of the particulars alleged in the petition.

(3) Was the plaintiff's assignor guilty of any negligence that contributed as a proximate cause of the injuries complained of?

By no stretch of imagination can we see where any of the errors assigned reach the issue we have noted as No. 1 above. It is contended, however, that the two issue rule has been modified by the case of **Kushlan v P. & O. Coach Lines, 9 Abs 78.** It will be noted that in this case the Court found errors which pertained to the other issue and which were so faulty and erroneous as to substantially affect the rights of the plaintiff. We have found no such error intervening in this case. The application is denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.